Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ETHELYN HOLMES,** | Case No. '11CV1942 IEG  CAB |
| Plaintiff, | **COMPLAINT FOR VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT** |
| vs. | |
| **APELLES, L.L.C.,** | |
| Defendant. | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

Complaint - 1

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3. Plaintiff, Ethelyn Holmes ("Plaintiff"), is a natural person residing in San Diego county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4. At all relevant times herein, Defendant, Apelles, L.L.C., ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. On or about April, 2011, Defendant began calling Plaintiff regularly on her home phone in attempt to collect an alleged debt for a U.S. Bank account.

7.     Defendant used an automated system to leave voicemails for Plaintiff.  As the system is automated, the caller is not identified by name.  The caller does not have or provide an individual identity.

8.     In May, 2011, Plaintiff called Defendant and advised them to stop calling her.  Defendant continued to call Plaintiff after she asked them to stop.  Plaintiff further advised Defendant that she had reached a payment plan with U.S. Bank regarding the account that Defendant was collecting on.  Defendant told Plaintiff they don't care what's going on and they'll continue to call.

9.     Plaintiff has made payment arrangements with U.S. Bank, and U.S. Bank has reduced the amount of the alleged debt.  Plaintiff has communicated directly with the Vice President of her local branch.

10.    Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d));

   b) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e));

   c) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));

   d) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1));

e) Failing to disclose the caller's individual identity in a telephone call to Plaintiff (§1692d(6));

f) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§1692f(1)); and

g) Collecting an amount from Plaintiff that is not permitted by law (§ 1692f(1)).

11. As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

12. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages;

D. Costs and reasonable attorney's fees; and,

E. For such other and further relief as may be just and proper.

Complaint - 4

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates by reference all of the preceding paragraphs.

14. Further, §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

15. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the RFDCPA;
    B.    Actual damages;
    C.    Statutory damages for willful and negligent violations;
    D.    Costs and reasonable attorney's fees,
    E.    For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 24th day of August, 2011.

        By:    s/Todd M. Friedman
                 Todd M. Friedman
                 Law Offices of Todd M. Friedman, P.C.
                 Attorney for Plaintiff